HON. FRANK J. ROGERS Commissioner Division of Criminal Justice Services
This is in response to your letter of August 4, 1976 wherein you request our "interpretation of an apparent conflict among a number of provisions of the Criminal Procedure Law occasioned by the newly enacted section 160.50 thereof' which was passed by the Legislature and approved by the Governor as part of chapter 877 of the Laws of 1976.
Specifically, your letter sets forth two questions: (1) Must the Division of Criminal Justice Services return the fingerprints of a defendant where the action terminated in the dismissal of the accusatory instrument pursuant to Criminal Procedure Law, sections 170.56 or 210.46; your second question assumes an affirmative response to your first question and reads as follows: "If so, how can DCJS meet its implied obligation to inform a prosecutor whether or not a person was previously granted treatment under section 170.56 or 210.46?"
Said newly enacted section 160.50 of the Criminal Procedure Law reads in part as follows:
 "§ 160.50 Order upon termination of criminal action in favor of the accused.
 "1. Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of this section, unless another criminal action or proceeding is pending against such person, or unless the district attorney upon motion with not less than five days notice to such person or his attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, the court wherein such criminal action or proceeding was terminated shall enter an order, which shall immediately be served by the clerk of the court upon the commissioner of the division of criminal justice services and upon the heads of all police departments and other law enforcement agencies having copies thereof, directing that:
 "(a) every photograph of such person and photographic plate or proof, and all palmprints and fingerprints taken or made of such person pursuant to the provisions of this article in regard to the action or proceeding terminated, and all duplicates and copies thereof, shall forthwith be returned to such person, * * *
 "(b) any police department or law enforcement agency, including the division of criminal justice services, which transmitted or otherwise forwarded to any agency of the United States or of any other state or of any other jurisdiction outside the state of New York copies of any such photographs, photographic plates or proofs, palmprints and fingerprints shall forthwith formally request in writing that all such copies be returned to the police department or law enforcement agency which transmitted or forwarded them, and upon such return such department or agency shall return them as provided herein;
 "(c) all official records and papers other than court decisions relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office be sealed and not made available to any person or public or private agency; and
 "(d) such records shall be made available to the person accused or to such person's designated agent, and shall be made available to (i) a prosecutor in any proceeding in which the accused has moved for an order pursuant to section 170.56 or 210.46 of this chapter, or (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it, or (iii) any state or local officer or agency with responsibility for the issuance of licenses to possess guns, when the accused has made application for such a license."
Addressing ourselves to your question (1), i.e., must DCJS return the fingerprints of a defendant where the action terminated in the dismissal of the accusatory instrument pursuant to Criminal Procedure Law sections 170.56 or 210.46, the answer to such question is yes with the following caveat which is set forth in the first paragraph of subdivision 1 of said section 160.50. Such [caveat or] qualification is found in the following quoted language from such paragraph commencing on line 3 thereof: "unless the district attorney upon motion with not less than five days notice to such person or his attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise".
Let us now apply what has been said above to the factual situation to which you make reference in your letter, viz., "that CPL sections 170.56 (1) and 210.46 * * * prohibit the granting of an adjournment in contemplation of dismissal thereunder to a defendant who has previously been granted such a disposition." Calling attention to the "once-only aspect of a section 170.56 or 210.46 disposition" you point out that fingerprint comparison is one positive means of identifying an individual's criminal history file and the return to him by you of his arrest fingerprints would adversely affect your capability to identify or report on his prior criminal history upon a subsequent occasion.
The Legislature apparently anticipated situations such as "the once-only aspect of a 170.56 or 210.46 disposition" and because of such aspect prohibiting a section 170.56 or 210.46 disposition to a defendant who has previously been granted such a disposition as well as other potential situations which presently exist or may subsequently arise where the interests of justice require the retention of positive means for identifying an individual's criminal history, it (the Legislature) gives the prosecution the authority to make a motion on notice to the defendant or his attorney for the purpose of satisfying the court that the interests of justice require the retention of the defendant's fingerprints, et cetera.
As you know, subdivision 3 of said newly enacted section 160.50
of the Criminal Procedure Law provides for a retroactive application of the rights set forth in subdivision 1 of such section. Said subdivision reads as follows:
 "3. A person in whose favor a criminal action or proceeding was terminated, as defined in subdivision two of this section, prior to the effective date of this section, may upon motion apply to the court in which such termination occurred, upon not less than twenty days notice to the district attorney, for an order granting to such person the relief set forth in subdivision one of this section, and such order shall be granted unless another criminal action or proceeding is pending against him, or unless the district attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise."
In a situation where the individual seeks to avail himself of the retroactive provision of such section he must submit an application to the court on notice to the district attorney for an order granting him such relief. When such an application is made the district attorney has the burden of demonstrating to the satisfaction of the court that the interests of justice require that such application should be denied.
In light of the above, my response to your two questions would be that the Division of Criminal Justice Services must return the fingerprints of a defendant where the action terminated in the dismissal of the accusatory instrument pursuant to Criminal Procedure Law, sections 170.56 or 210.46, unless the prosecution acts pursuant to the provisions set forth in the first paragraph of section 160.50 and demonstrates to the satisfaction of the court that the interests of justice require that the fingerprints of such a defendant be retained by the Division of Criminal Justice Services.
With respect to your second question, if the prosecution does not find it advisable to move for an order from the court directing the retention of such individual's fingerprints or fails to satisfy the court that the interests of justice require such retention, then, in either event, the Division of Criminal Justice Services must make return of the fingerprints of such a defendant and would be hindered in meeting its implied obligation to inform a prosecutor whether or not an individual was previously granted treatment under section 170.56 or 210.46.
As you know, superior courts have jurisdiction over all offenses and local criminal courts have concurrent jurisdiction with the superior courts over certain categories of offenses. (See Criminal Procedure Law, §§ 10.20, 10.30.)
Since there is no provision in the newly enacted section 160.50 for the giving of notice to a district attorney that a local court will enter an order directing the return of fingerprints and photographs to a person made eligible for such an order by such section, a real problem arises relative to the district attorney's opportunity to move timely against the entering of such an order by a local court in proceedings which are not being prosecuted by the district attorney. The district attorney would have knowledge of and could move against the entry of such an order in a superior court since that court exercises its jurisdiction over offenses by reason of and through the agency of a grand jury.
The Division of Criminal Justice Services and the district attorneys may be able to overcome this problem by seeking and obtaining the cooperation of all local courts, i.e., to notify the appropriate prosecutor's office prior to entering such an order, but such action by the court would be a voluntary act. To assist the Division of Criminal Justice Services in meeting its obligation to inform a prosecutor of prior treatment in those situations where prior treatment affects the procedure to be followed by the courts, a statutory amendment might be considered to provide for notice to the district attorney.